# EXHIBIT H

# Arnold & Porter

January 7, 2026

**BY EMAIL**

Hon. Pete Hegseth
Secretary of Defense
1000 Defense Pentagon
Washington, D.C. 20301

Dear Mr. Secretary:

We write on behalf of Senator Mark Kelly regarding your Secretarial Letter of Censure ("the Letter") dated January 5, 2026. That correspondence, though directed to Senator Kelly, is a chilling message to every retired member of the military: if you speak out, and say something that the President or the Secretary of Defense dislikes, you will be censured, threatened with a reduction in retirement grade, or even prosecuted. In other words, the clear implication of your Letter is that those in power will wield their authority to silence voices they find inconvenient—even when the speech is protected by the First Amendment. That warning is not just alarming; it is unconstitutional, as are the "determinations" the Letter recites about Senator Kelly; the "reopening" of his retirement it purports to initiate; and the threats of criminal prosecution it announces.

The Chief of Naval Personnel's Notification of Retirement Grade Determination Proceedings, also dated January 5, 2026—which rests on your Letter as its supposed "factual basis"—compounds the constitutional injury and is patently illegal. Neither you, nor the Department you head, can use bureaucratic might to punish and deter protected speech by a retired veteran, regardless of whether that person is a sitting United States Senator.

Accordingly, you must immediately rescind the Letter; direct the Chief of Naval Personnel to withdraw the Notification; and vacate and halt any other adverse actions against Senator Kelly. To be clear, neither you nor the Department should: (1) take any action to implement or give effect to the Letter's "determination[s]"; (2) make any effort to reopen the grade at which Senator Kelly retired; or (3) include or place the Letter in his military file. You should also withdraw your threat of criminal prosecution.

In addition, given the prospect of litigation or other disputes, we assume that the Department has already taken necessary steps to preserve all documents, electronically stored information, and other tangible materials that are potentially relevant to this matter. You should certainly reinforce that direction now.

Arnold & Porter

January 7, 2026
Page 2

Please confirm in writing by close of business on January 9 that you have taken all of these steps. If we do not receive a response, we will assume that the Department is continuing to pursue its unconstitutional and unlawful actions, and we will proceed accordingly.

### I.  The Department's Actions Are Unconstitutional and Dangerous

The Letter itself—and the other Departmental actions it proposes, directs, contemplates, or threatens—violate the Constitution in at least four ways, exceed your and the Department's statutory authority, and defy the Administrative Procedure Act. Accordingly, there are compelling legal reasons that require you to halt immediately any further proceedings—and stay the effects of any further determinations, should you nevertheless proceed—pending judicial review. *See* 5 U.S.C. § 705.

First, as you must be aware, the First Amendment forbids the government, including its officials, from punishing or suppressing disfavored expression, *Nat'l Rifle Ass'n v. Vullo*, 602 U.S. 175, 188 (2024), and from retaliating against protected speech, *Lozman v. City of Riviera Beach*, 585 U.S. 87, 90 (2018). Yet the Letter makes clear that the only basis for your targeting Senator Kelly is his political speech on important public issues. Such discipline would, therefore, be unconstitutional for any former member of the military. Moreover, the Supreme Court made clear sixty years ago that the government cannot do what the Department attempts here: punish a legislator for his speech. *Bond v. Floyd*, 385 U.S. 116, 135-37 (1966).

The Department's actions also run roughshod over the Senator's immunity under both the Speech or Debate Clause and core separation-of-powers principles. The Speech or Debate Clause provides absolute immunity for legislative acts. U.S. Const. art. I, § 6, cl. 1. And the separation of powers provides additional protection against the Executive Branch's abusing its power to personally punish members of Congress for acts clearly within the scope of their duties. Here, the statements your Letter ascribes to Senator Kelly relate to his duties as a sitting Senator and member of the Senate Armed Services Committee.

The Letter's conclusions and directions also would deny Senator Kelly the Constitution's right to due process. Indeed, it is hard to imagine a more predetermined outcome of the grade determination you have ordered: the Letter announces your conclusion that Senator Kelly's protected speech "undermines the chain of command," "counsels disobedience," "creates confusion about duty," "brings discredit upon the Armed Forces," and is "unbecoming" of an officer. After such findings by the Secretary—no matter how baseless and unconstitutional they may be—any subsequent procedure for a new grade determination by an inferior officer would be a sham, precisely the kind of preordained decision-making the Due Process Clause forbids. In fact, the Constitution requires notice and a meaningful opportunity to be heard before the government considers whether to deprive Senator Kelly retroactively of the rank he earned with

Arnold & Porter

January 7, 2026
Page 3

his service. But you have already announced the verdict—and set the machinery in motion to implement it—without affording Senator Kelly the very procedures he fought to protect for all Americans.

The Department's actions also violate statutory limitations. The laws of the United States explicitly provide that officers "*shall* be retired in the highest permanent grade in which such officer is determined to have served on active duty satisfactorily." 10 U.S.C. § 1370(a)(1), (3) (emphasis added); *see Spellissy v. United States*, 103 Fed. Cl. 274, 281 (2012). As your Letter admits, and as Senator Kelly's service records show, he retired as Captain with a "distinguished service record." Accordingly, he was "entitled" to retire at that grade. *Spellissy*, 103 Fed. Cl. at 281-82. There is no statute or regulation that provides the Department with the legal authority to do what your Letter directs: to "reopen" Senator Kelly's grade determination based on his post-retirement speech. And, for all of these reasons—and more—the Department's actions also violate the Administrative Procedure Act.

## II.  The Department Must Preserve All Relevant Records

Given the prospect of litigation or other disputes arising from this matter, we also write to reiterate the Department's fundamental obligation to preserve all documents, electronically stored information, and other tangible materials that are potentially relevant to this matter, including those that anyone in the Department, the White House, or executive agencies considered or reviewed in connection with Senator Kelly's speech, as well as all materials that may be exculpatory or relevant to potential defenses. *See* Fed. R. Civ. P. 37(e); *Brady v. Maryland*, 373 U.S. 83 (1963); R.C.M. 701(a)(6). Of course, the Department is also required by law to preserve all federal records in accordance with the Federal Records Act. *See* 44 U.S.C. § 3101; *Armstrong v. Bush*, 924 F.2d 282, 295 (D.C. Cir. 1991).

Without limitation, the Department's preservation obligations include maintaining the following categories of information:

1. **Communications**, in any form, including hard copy and electronic communications, emails, letters, memos, Signal messages, texts/SMS messages, instant messages/chats, direct messages, voicemail, video/voice messages, meeting chats, posts/comments, attachments, and all drafts, that may contain potentially relevant information to this matter.

    o  Personnel must immediately disable disappearing and auto-delete features on Signal or any other application with disappearing or auto-delete messages.

Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW  |  Washington, DC 20001-3743  |  www.arnoldporter.com

Arnold & Porter

January 7, 2026
Page 4

> - Do not delete or clear chats, uninstall the app, or replace or wipe any devices, whether government or personal, that may contain potentially relevant information to this matter.
>
> 2. **Policies, procedures, legal memoranda, manuals, advisories, white papers, or interpretive guidance** that relate in any way to the legal principles at issue in this matter or otherwise contain potentially relevant information.
>
> 3. **Doctrine, regulations, directives, manuals, and official guidance** promulgated by the Department or any military service that articulate, explain, or discuss the legal obligation to refuse unlawful orders or otherwise contain potentially relevant information to this matter.
>
> 4. **Associated metadata** sufficient to identify authorship, dissemination, and chronology of any of these records.

This preservation obligation applies to all relevant custodians; official systems, devices, and repositories, including but not limited to email systems, messaging platforms, shared drives, learning management systems; as well as relevant communications on personal devices.

Once again, please confirm in writing by January 9 that the Department has taken all appropriate preservation measures.

* * *

Senator Kelly earned his rank and retirement through years of sacrifice. He will continue to fight for the Constitution he has proudly defended his entire career.

Sincerely,

Paul J. Fishman

cc:   Hon. Earl G. Matthews, General Counsel, Department of Defense
      Hon. John C. Phelan, Secretary of the Navy